THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.*
JEWETT.

May Term,
1861.

INDIANAPO-
LIS, &c.
RAILROAD Co.
*v.*
JEWETT.

Where the secretary of a railroad company, in response to a demand for a copy of a written contract of subscription, shown to have been in the possession of the company, answers that it has been lost, proof of his answer is, *prima facie*, sufficient to entitle the party making the demand to give oral proof of its contents, in a suit against the company.

It is to be presumed, from the character and ordinary duties of the officer who made the admission of its loss, that he was the custodian of such writings, and therefore his admission was competent evidence against his employer.

The statutory mode pointed out by 2 R. S., § 284, p. 93, for proving the acts of a corporation, should be followed, or some legal excuse shown for not following it.

Where the Court has ordered the production of certain minutes of the board of directors, and the party in whose behalf the order was made has, in addition, given written notice to the company to produce, and has demanded of the secretary a sworn copy, if they are not produced, or the sworn copy furnished, oral evidence may be given of their contents.

APPEAL from the *Decatur* Circuit Court.

*Wednesday, June 5.*

HANNA, J.—This case was here once before. 10 Ind. 540. The pleadings were not changed after the return of the case to the Court below, where it was again tried, and judgment given for the appellee for $2,791 $\frac{66}{100}$. Questions arising upon the second trial are now presented.

Secondary evidence was received of the writing called a subscription, signed by the appellee. It is objected that the foundation was not laid for the admission of such evidence. 1. It was proved that a notice had been served upon the appellant to produce the original, or a copy, it having been proved that it passed into the possession of appellant. 2. The Court made an order, of record, directing such production. 3. A demand of the original, or a certified copy, was proved to have been made of the secretary of the company, at its office; to which the answer was given by him that it was lost. It is insisted that the loss could not be thus proven; that the secretary should have been produced as a witness to that point.

Without inquiring as to the propriety of the steps taken
VOL. XVI.—18

May Term,
1861.

INDIANAPO-
LIS, &c.
RAILROAD Co.
v.
JEWETT.

to procure the evidence, we are of opinion that the statement that it was lost was, *prima facie*, sufficient to permit oral proof of its contents. It is to be presumed from the character and ordinary duties of the officer who made the admission of its loss, that he was the custodian of such writings; therefore, his admission was competent as against his employer, especially in this instance, as his predecessor was shown to have at one time furnished a list of the names, &c., attached to the paper. 1 Gr. Ev., §§ 113, 114, 191; Aug. & Am. on Cor., §§ 309, 659.

Evidence was also given that the same steps were taken to procure the original order of the board, or a copy thereof, as to the settlement with the original conditional subscribers, and the appointment of *Foley* and others to make such settlement. The order was not forthcoming in any form, and it was in evidence that it was in possession of the secretary, who read it to the witness the day before the trial, when the demand was made.

The statute points out a mode of proving the acts of a corporation. 2 R. S., § 284, p. 93. That mode should be followed, (*The Mad. &c.* v. *Whitesel*, 11 Ind. 55,) or some legal excuse shown for not following it. Here, a notice to produce, &c. was shown, an order based thereon to compel the production, then a demand of a copy, and a refusal. Should the Court have attached the secretary for failing to furnish the sworn copy, or received oral testimony of its contents? Perhaps the Court possessed the right to do either, or both; but, without so deciding, we are of opinion that the reception of the oral proof of the contents was not error. The evidence was in the possession of the opposite party; the usual mode, as between individuals, had been resorted to, to obtain its production; and, in addition, a demand had been made, in reference to the provisions of the above statute. We do not think there was, in this case, any thing in the objection that the person who made the demand was not authorized to administer oaths, and did not tender any fee for such copy, even if such objection would be good in any case; for, here, the secretary answered that he would not furnish copies in any case against the company, unless by order of the president or attorney of the road.

Other questions are made, which we think were decided in the case in 10 Ind., *supra*, and we see no reason to change the opinion there expressed.

There is an assignment in reference to instructions given, and refused. We have examined them, and do not see any error in the ruling of the Court; but even if a slight error, in that particular, had occurred, as the case appears to have been decided right upon the evidence, we should not disturb the judgment.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*James Gavin* and *Oscar B. Hord*, for the appellant.

*Jno. S. Scobey*, for the appellee.